**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

---

**Timothy McCormick and wife Delnita McCormick,**

     **Plaintiffs,**

**vs.**

**AmGuard Insurance Company and Berkshire Hathaway Guard Insurance Companies,**

     **Defendants.**

**CASE NO.: 1:24-CV-00004-TAV-CHS**

**JURY DEMAND**

---

## ANSWER

---

Comes now Defendant AmGuard Insurance Company, incorrectly sued as AmGuard Insurance Company and Berkshire Hathaway Guard Insurance Companies, by and through counsel, and submit this Answer to the Plaintiffs' Complaint.

## FIRST DEFENSE

The Plaintiffs' Complaint fails to state a cause of action against the Defendant upon which relief may be granted.

## SECOND DEFENSE

In response to the individually numbered paragraphs of the Plaintiffs' Complaint, the Defendant would respond as follows:

1.    The Defendant is without information sufficient to form a belief as to the truth of the residency information as alleged in Paragraph 1 of the Plaintiffs' Complaint.

2. In response to the allegations contained in Paragraph 2 of the Plaintiffs' Complaint, the Defendant would admit only that the Plaintiffs were the owners of the property located at 604 Bacon Trail, Chattanooga, Tennessee during the timeframe described in the Plaintiffs' Complaint. Any remaining allegations contained in Paragraph 2 of the Plaintiffs' Complaint are denied.

3. In response to the allegations contained in Paragraph 3 of the Plaintiffs' Complaint, the Defendant would admit only that AmGuard Insurance Company issued businessowner's policy TIBP178055 to the Plaintiffs, and that the terms and provisions of said policy speak for themselves. Any remaining allegations which may be contained in Paragraph 3 of the Plaintiffs' Complaint are denied.

4. In response to the allegations contained in Paragraph 4 of the Plaintiffs' Complaint, the Defendant would admit only that AmGuard Insurance Company issued businessowner's policy TIBP178055 to the Plaintiffs, and that the terms and provisions of said policy speak for themselves. Any remaining allegations which may be contained in Paragraph 4 of the Plaintiffs' Complaint are denied.

5. In response to the allegations contained in Paragraph 5 of the Plaintiffs' Complaint, the Defendant would admit only that AmGuard Insurance Company is an out-of-state company properly conducting business in the State of Tennessee and that it is subject to the service of process. Any remaining allegations which may be contained in Paragraph 5 of the Plaintiffs' Complaint are denied.

6. In response to the allegations contained in Paragraph 6 of the Plaintiffs' Complaint, the Defendant would deny that Berkshire Hathaway Guard Insurance Company is a proper party to this matter as Berkshire Hathaway Guard Insurance

Company is a trade name. Instead, AmGuard Insurance Company is the proper party in this matter. Any remaining allegations which may be contained in Paragraph 6 of the Plaintiffs' Complaint are denied.

7. Denied.

8. Denied.

9. In response to the allegations contained in Paragraph 9 of the Plaintiffs' Complaint, the Defendant would admit only that Atlas Insurance Agency, LLC was the agent in regard to the referenced policy. Any remaining allegations which may be contained in Paragraph 9 of the Plaintiffs' Complaint are denied.

10. In response to the allegations contained in Paragraph 10 of the Plaintiffs' Complaint, the Defendant would admit only that the subject policy was delivered in Hamilton County, Tennessee. Any remaining allegations which may be contained in Paragraph 10 of the Plaintiffs' Complaint are denied.

11. In response to the allegations contained in Paragraph 11 of the Plaintiffs' Complaint, the Defendant would admit only that the subject policy related to property located at 604 Bacon Trail, Chattanooga, Tennessee 37412. Any remaining allegations which may be contained in Paragraph 11 of the Plaintiffs' Complaint are denied.

12. The Defendant does not dispute that the Circuit Court of Hamilton County, Tennessee had subject matter jurisdiction prior to the removal of this matter to Federal Court. The Defendant does not dispute that the United States District Court for the Eastern District of Tennessee has subject matter jurisdiction over this matter at this time. Any remaining allegations which may be contained in Paragraph 12 of the Plaintiffs' Complaint are denied.

13.     The Defendant does not dispute that venue was appropriate before the Circuit Court of Hamilton County, Tennessee prior to the removal of this matter to Federal Court. The Defendant does not dispute that venue is appropriate before the United States District Court for the Eastern District of Tennessee at this time. Any remaining allegations which may be contained in Paragraph 13 of the Plaintiffs' Complaint are denied.

14.     The description of the Plaintiffs' lawsuit set forth in Paragraph 14 of the Plaintiffs' Complaint does not require a response from the Defendant. The Defendant would, however, deny that it breached any contract in regard to the fire loss occurring on November 25, 2021. Any remaining allegations which may be contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

15.     In response to the allegations contained in Paragraph 15 of the Plaintiffs' Complaint, the Defendant would admit only that the Plaintiffs reported a fire loss occurring on or around November 25, 2021, alleged damage to the subject property, and filed claims under the subject policy. Any remaining allegations which may be contained in Paragraph 15 of the Plaintiffs' Complaint are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     In response to the allegations contained in Paragraph 19 of the Plaintiffs' Complaint, the Defendant would deny that any of its actions were improper, constituted a breach of contract, and/or resulted in unnecessary delays and/or financial burden on

the Plaintiffs. Any remaining allegations which may be contained in Paragraph 19 of the Plaintiffs' Complaint are also denied.

20.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

21.     In response to the allegations contained in Paragraph 21 of the Plaintiffs' Complaint, the Defendant would admit only that AmGuard Insurance Company issued businessowner's policy TIBP178055 to the Plaintiffs, and that the terms and provisions of said policy speak for themselves. Any remaining allegations which may be contained in Paragraph 21 of the Plaintiffs' Complaint are denied.

22.     In response to the allegations contained in Paragraph 22 of the Plaintiffs' Complaint, the Defendant would admit only that AmGuard Insurance Company issued businessowner's policy TIBP178055 to the Plaintiffs, and that the terms and provisions of said policy speak for themselves. Any remaining allegations which may be contained in Paragraph 22 of the Plaintiffs Complaint are denied.

23.     In response to the allegations contained in Paragraph 23 of the Plaintiffs' Complaint, the Defendant would admit only that the referenced policy, attached as Exhibit A to the Plaintiffs' Complaint, has been renewed subsequent to the reported fire loss. The terms and provisions of the subject policy speak for themselves. Any remaining allegations which may be contained in Paragraph 23 of the Plaintiffs Complaint are denied.

24.     In response to the allegations contained in Paragraph 24 of the Plaintiffs' Complaint, the Defendant would admit only that the Plaintiffs have paid their policy

premiums. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

25. In response to the allegations contained in Paragraph 25 of the Plaintiffs' Complaint, the Defendant would aver that the terms and provisions of the subject policy speak for themselves.

26. In response to the allegations contained in Paragraph 26 of the Plaintiffs' Complaint, the Defendant would aver that the terms and provisions of the subject policy speak for themselves.

27. In response to the allegations contained in Paragraph 27 of the Plaintiffs' Complaint, the Defendant would aver that the terms and provisions of the subject policy speak for themselves.

28. In response to the allegations contained in Paragraph 28 of the Plaintiffs' Complaint, the Defendant would admit only that the Plaintiffs were owners of property located at 604 Bacon Trail, Chattanooga, Tennessee 37412 at the time of the reported fire loss. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

29. The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

30. In response to the allegations contained in Paragraph 30 of the Plaintiffs' Complaint, the Defendant would admit only that a fire occurred at the subject property

on or about November 25, 2021 and that said fire caused certain damage to the subject property. The Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

31.     In response to the allegations contained in Paragraph 31 of the Plaintiffs' Complaint, the Defendant would admit only that the Plaintiffs provided timely notice of the November 25, 2021 fire loss.  Any remaining allegations contained in Paragraph 31 of the Plaintiffs' Complaint are denied.

32.     Admitted.

33.     Admitted.

34.     The legal assertions and description of the Plaintiffs' claim set forth in Paragraph 34 of the Plaintiffs' Complaint do not require a response from the Defendant. The Defendant would admit, however, that the Plaintiffs have made a claim under the subject policy for the fire loss occurring on or about November 25, 2021. Any remaining allegations which may be contained in paragraph 34 of the Plaintiffs' Complaint are denied.

35.     The Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

36.     In response to the allegations contained in Paragraph 36 of the Plaintiffs' Complaint, the Defendant would admit only that it has made certain payments under the subject policy in regard to the fire loss claim submitted by the Plaintiffs. The Defendant is without information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 36 of the Plaintiffs' Complaint. Those allegations are therefore denied and strict proof is demanded thereof.

37.    Denied.

## THIRD AFFIRMATIVE DEFENSE

The Defendant would deny that the Plaintiffs are entitled to the relief as asserted in their prayer for relief.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend its Answer in order to allege any further defenses which might become applicable as further investigation and discovery proceeds.

## FIFTH AFFIRMATIVE DEFENSE

Any and all allegations not specifically denied above are hereby denied as if specifically set forth and denied.

## SIXTH AFFIRMATIVE DEFENSE

Pending discovery, and to avoid waiver, the Defendant would rely upon all terms and provisions of the subject insurance policy and, pending additional discovery, would reserve the right to show that additional provisions of the policy support the denial of some, or all, of the Plaintiffs' claim.

## SEVENTH AFFIRMATIVE DEFENSE

Pending discovery, and to avoid waiver, the Defendant would plead the defenses of laches, unclean hands, and waiver.

WHEREFORE having fully answered the Complaint filed against them, the Defendant prays to be dismissed from this action with costs taxed against the Plaintiff for which execution may issue if necessary. Barring dismissal, the Defendant demands a jury of the maximum number of jurors allowed by law to try the issues, when joined.

This the 5th day of February, 2024.

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE, LLC


__/s/ Joshua A. Wolfe_____
JOSHUA A. WOLFE, 23101
520 West Summit Hill Drive, Suite 905
Knoxville, Tennessee 37902
Phone: (865) 243-2743
Facsimile: (865) 381-1417
Email: joshua.wolfe@mgclaw.com

ATTORNEY FOR AMGUARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This the 5th day of February, 2024.


    /s/ Joshua A. Wolfe
    JOSHUA A. WOLFE